**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 97-30532
Summary Calendar
_____

LISA WARREN,

Plaintiff-Appellant,

VERSUS

BLOCKBUSTER MUSIC, a division of Blockbuster
Entertainment Group/Corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Eastern District of Louisiana
(96-CV-1018-C)
_____

December 3, 1997

Before KING, DAVIS, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Lisa Warren appeals the district court's denial of her motion
to amend the judgment entered against her under Rule 59(e) of the
Federal Rules of Civil Procedure.  For the reasons set forth below,
we affirm.

Warren brought this lawsuit against her former employer,
Blockbuster Music ("Blockbuster"), alleging employment

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discrimination and intentional infliction of emotional distress. Warren, an African-American female, claimed that her supervisor, Sidney Babin, had fired her because of her race and gender. On February 6, 1997, the district court granted summary judgment on Warren's employment discrimination claim in favor of Blockbuster. On February 21, 1997, the court granted summary judgment on Warren's intentional infliction of emotional distress claim in favor of Blockbuster. On February 24, 1997, the court entered an order dismissing Warren's complaint.

On March 6, 1997, Warren filed a motion for a new trial based on the discovery of new evidence, which the district court entertained as a motion to amend a judgment under Rule 59(e). On February 18, 1997, Warren had deposed Ray Genovese, one of Blockbuster's regional managers. Genovese testified that Babin had been terminated on or about February 14, 1997, and that Genovese's supervisor, Kurt Steltenpohl, told him that Babin had been fired because of his poor treatment of black customers. Warren claimed that this evidence was probative of whether Babin had discriminated against her on the basis of race and thus warranted a trial on the merits of her case.

In *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), we outlined certain factors to be considered in deciding whether to grant a Rule 59(e) motion in a case like this one: 1) the reasons for the moving party's default;

2

2) the importance of the omitted evidence to the moving party's case; 3) whether the evidence was available to the moving party before she responded to the motion for summary judgment; and 4) the likelihood that the non-moving party will suffer prejudice if the case is reopened. After considering each of these factors, the district court denied Warren's motion.

On appeal, Warren contends that the district court failed to give proper consideration to the first three factors outlined in *Lavespere*. We review a district court's denial of a Rule 59(e) motion for abuse of discretion, *Seneca v. Phillips Petroleum Co.*, 963 F.2d 762, 766 (5th Cir. 1992), and conclude that the court did not abuse its discretion here.

With respect to the first and third *Lavespere* factors, the evidence concerning Babin's termination was available to Warren prior to the dismissal of her case. Warren learned of Babin's termination on February 18, 1997, two days before she filed a response to Blockbuster's renewed motion for summary judgment on her intentional infliction of emotional distress claim, and six days before the district court dismissed her complaint. Thus, she failed to exercise reasonable diligence in bringing the evidence before the court.

With respect to the second *Lavespere* factor, the evidence on which Warren relies is inadmissible hearsay. Although Warren seeks to characterize Steltenpohl's statement as a party admission, she

3

has proffered no evidence that Steltenpohl was involved in the decision to terminate Babin.  Accordingly, Steltenpohl's statement cannot be considered a party admission.  *See Hill v. Spiegel, Inc.,* 708 F.2d 233, 237 (6th Cir. 1983) (holding that statements by managerial employees concerning reasons for plaintiff's discharge were not party admissions where there was no evidence that declarants were involved in the decision to terminate plaintiff).

AFFIRMED.